UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARCHIE SHARP, JR.,

        Plaintiff,                               Case No. 1:07-cv-45

v.                                                    Honorable Richard Alan Enslen

THOMAS K. BELL,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, purports to bring this action under FED. R. CIV. P. 57 (Declaratory Judgments) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff is currently incarcerated at the Carson City Correctional Facility. In 1988, Plaintiff pleaded guilty in Muskegon County Circuit Court to three counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83. The trial court subsequently sentenced Plaintiff to imprisonment of thirty to one hundred and ten years for each conviction.[1] Plaintiff sues Thomas K. Bell, Warden of the Carson City Correctional Facility, for violating his rights under the First, Fifth, Thirteenth and Fourteenth Amendments for enforcing "void" judgments over Plaintiff, forcing Plaintiff to work, and threatening to use physical violence for any escape attempts by Plaintiff. (Compl. at 4.) Plaintiff also asserts several state law claims, i.e., conspiracy, kidnaping and fraud.

In his *pro se* action for declaratory judgment, Plaintiff claims that his criminal convictions are "void" due to the trial court's lack of subject matter jurisdiction and personal jurisdiction over Plaintiff. (Compl. at 1; docket #1.) In 2005, Plaintiff requested documentation from the Muskegon County Circuit Court and the 60th District Court regarding the trial court's subject matter jurisdiction and personal jurisdiction over Plaintiff. (Aff. at 3; docket #6.) Because the courts failed to produce any documentation pursuant to Plaintiff's request, he concludes that they lacked jurisdiction over Plaintiff, and as a result, his convictions are void. (Compl. at 2-3.) Plaintiff also argues that state authorities fraudulently obtained jurisdiction over Plaintiff. (Compl. at 3-4.)

---

[1] Plaintiff's complaint failed to provide specific information regarding his convictions and sentences. Therefore, the Court retrieved pertinent information from the Michigan Department of Corrections Offender Tracking Information System at http://www.state.mi.us/mdoc/asp/otis2.html.

II.     Failure to state a claim

Plaintiff seeks to invoke this Court's jurisdiction pursuant to the Fed. R. Civ. P. 57 (Declaratory Judgments) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2201. (Compl. at 1.) It is well established that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers,* 363 U.S. 666, 677 (1960); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-74 (1950); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983); *Mich. Sav. & Loan League v. Francis,* 683 F.2d 957, 960 (6th Cir. 1982). "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id*. Thus, a plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis.

Here, Plaintiff does not allege any valid basis for the Court's jurisdiction. He attempts to place this action under the auspices of the Declaratory Judgment Act by alleging that he is wrongly incarcerated pursuant to "void" judgments. Plaintiff argues that his 1988 convictions are invalid because the trial court lacked subject matter jurisdiction and personal jurisdiction over him. (Compl. at 1.) This assertion, standing alone, does not confer this Court with jurisdiction over Plaintiff's claims. *See Heydon*, 327 F.3d at 470.

To the extent Plaintiff seeks to invoke this Court's jurisdiction under the civil rights statute, 42 U.S.C. § 1983, his action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The holding in *Heck* has been extended to actions seeking declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Plaintiff's allegations clearly call the validity of his conviction into question. Therefore, a § 1983 action is barred under *Heck* until Plaintiff's criminal conviction has been invalidated.

Plaintiff alleges that his convictions are "void." (Compl. at 2-3.) A challenge to the fact or duration of confinement should be brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck*, (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Plaintiff also asserts several state law claims, i.e., conspiracy, kidnaping and fraud. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court should decline to exercise

jurisdiction. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *See Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991); *see also Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998).

III.  Motion to vacate void judgments

On or about January 17, 2007, Plaintiff filed a Motion to Vacate Void Judgments (docket #4) and a Memorandum in Support of Motion to Vacate (docket #5). In light of my findings that Plaintiff's complaint should be dismissed for failure to state a claim, I also recommend that Plaintiff's Motion to Vacate Void Judgments (docket #4) should be denied as moot.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). I further recommend that Plaintiff's Motion to Vacate Void Judgments (docket #4) be denied as moot. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: March 6, 2007                    /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).