UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE SHARP, JR.,                                   Case No. 1:07-CV-45

        Plaintiff,                                Hon. Richard Alan Enslen

v.

THOMAS K. BELL,
                                          **JUDGMENT**
        Defendant.     /

        This matter is before the Court on Plaintiff's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of March 6, 2007 ("Report") which recommended dismissing Plaintiff's Complaint for failure to state a claim. This Court now reviews the Report, the Objection, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1).

        Plaintiff objects to the Report upon the belief the Magistrate Judge erroneously interpreted his claim as one arising under 42 U.S.C. § 1983 rather a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. However, it is clear the Magistrate Judge analyzed Plaintiff's claim under section 1983 for the reason the Court must liberally construe *pro se* Complaints. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). As the Report correctly stated, the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 667 (1960); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243 (6th Cir. 1983). Therefore, where there is no valid basis for this Court's jurisdiction under Plaintiff's asserted action, the Magistrate endeavored to give Plaintiff the benefit of the doubt. Therefore, Plaintiff's objection fails.

        Plaintiff also claims the Magistrate Judge erred in finding his Motion to Vacate Void Judgments moot. However, as the Magistrate Judge properly found this Court lacks jurisdiction, the

Motion was correctly denied as moot.[1]  Plaintiff also appears to argue the Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b) should be construed as a separate action.  As this Motion was filed in the present action, not separately, and concerns the same claim and allegations, the Magistrate Judge correctly treated it as a motion.  Therefore, Plaintiff's objection fails.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Archie Sharp's Objection to the Report and Recommendation (Dkt. No. 9) is **DENIED** and the Report and Recommendation (Dkt. No. 8) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate Void Judgments (Dkt. No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that dismissal of this action shall count as a **STRIKE** for the purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court certifies an appeal from this action would not be in good faith pursuant to 28 U.S.C. § 1915(a)(3).


Dated in Kalamazoo, MI:                   /s/Richard Alan Enslen
April 5, 2007                             Richard Alan Enslen
                                          Senior United States District Judge

---

[1] As Plaintiff argues it was not his intention to make any state law claims the Court will not address the issue of whether the Court should decline to exercise jurisdiction.  *See Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991).  However, the Court recognizes had Plaintiff asserted state law claims, the Report properly held the Court would decline jurisdiction over those claims.